[No. 19577. Department Two. February 25, 1926.]

CHARLES HALVERSON, *Respondent,* v. JULIA A. HALVERSON, *Appellant.*[1]

[1] DIVORCE (80)—DIVISION OF PROPERTY—MODIFICATION OF DECREE. Upon awarding a divorce to a husband, what appears to be an inequitable division of the property in that plaintiff was awarded property of the value of $24,000 and the defendant $36,000, will be modified by making an equal division.

Cross-appeals from a judgment of the superior court for King county, Smith, J., entered March 28, 1925, upon findings in favor of plaintiff, in an action for divorce. Modified.

*Charles A. Schneider* and *John F. Dore,* for appellant.

*J. P. Wall,* for respondent.

PER CURIAM.—This was an action for divorce in which both the plaintiff and defendant asked for a decree, and, the trial court having granted a divorce to the plaintiff, the defendant has appealed therefrom; the plaintiff also cross-appealing, being dissatisfied with the division of the community funds. The facts sustain the decision of the trial court in awarding the decree to the plaintiff, but we cannot agree with the property division.

[1]Reported in 243 Pac. 644.

[1] To the plaintiff was awarded property of the net value of $28,979. Included in this was an item called "good will of business," upon which an arbitrary value of $5,000 was placed. We are satisfied that the small store conducted by the plaintiff and defendant did not possess that which is known to the law as good will. The property awarded the plaintiff consisted of a stock of merchandise and real property, whereas there was awarded to the defendant the net amount of $36,134.64, all but $10,000 of which being either in cash or interest bearing securities. Deducting the $5,000 from the amount awarded to the plaintiff, his share would amount to $23,979, as against $36,134.64 to the defendant. This is not, in our judgment, a fair and equitable division, and will be modified by striking from the award to the defendant the item of "Deposit in Mutual Savings & Loan Association, $6,183.45." which will be added to the award to the plaintiff. This makes a practically even division of the property and, in our judgment, is as near correct as is possible.

Judgment modified.